Edward A. Baker, J.
Defendant, under indictment for possession and sale of methadone, each an A-I felony, assails the constitutionality of part of article 220 of the Penal Law (controlled substances). He claims his Fourteenth Amendment right to equal protection of the laws has been violated by reason of differentiation in weight standards by which guilt for sale and possession of various substances is determined, namely, aggregate weight of substances containing one or more ounces of a narcotic drug (Penal Law, §§ 220.43, 220.21), as against pure weight of other drugs (Penal Law, § 220.09, subd. 4, stimulant; Penal Law, § 220.18, subd. 4, LSD; Penal Law, § 220.18, subd. 5, hallucinogen; Penal Law, § 220.41, subd. 6, hallucinogenic substance). Only the enumerated sections are set forth in this motion to dismiss the indictment.
*53 The precise thrust is that discrimination in weight classification among drugs is not based upon any difference between them which bears a reasonable and just relation to the objectives of the statutes.
Defendant relies wholly and solely upon a portion of the Interim Report of the Temporary State Commission to Evaluate the Drug Laws (N. Y. State Legis. Doc., 1972, No. 10), which portion at pages 61 and 62 contains, among other things, observations that under the then existing law, determining felony weight of amphetamine tablets or capsules (approximately 300 capsules of 250-300 mg. each) could be “ validly done only if each tablet is subject to a separate qualitative analysis ”, which 1 ‘ would require # * * 25 man-hours of laboratory time for just one seizure.” It is urged that police convenience is the objective of the statute. If this limited portion of the report could be accepted out of context, the argument that the reason for the distinction is practicality and therefore violative of Fourteenth Amendment, might be worthy of consideration.
The court finds, however, that convenience or practicality is not the objective of article 220 of the Penal Law and related statutes, and that the intention of the Legislature was to alter the provisions of the existing laws for the purpose of airing defects which experience had disclosed, all within the framework of the objective to stem the flow of dangerous drugs to the illicit market. Support for this conclusion is found by a reading of the entire document. Quotations from portions could be misleading, and the document is much too voluminous to set forth here in its entirety. The whole document is therefore incorporated herein by reference.
Suffice it to say that the report clearly demonstrates, among other things, the defects in the then existing drug laws, the need for classification of the various drugs and substances according to their intrinsic qualities, mode of use and abuse, manner of distribution, degrees of addiction or dependence, the reasons for general classification of “hard” and “soft” drugs, the interests to be protected of both the individual and of society and the need for conformity, where possible, to Federal and uniform acts, all of which amply support a finding that in no way are the statutes unconstitutional.
The constitutionality of section 220.23 of the Penal Law (L. 1969, ch. 788, § 6; L. 1970, ch. 213, § 1; repealed by L. 1973, ch. 276, § 18), which also classified narcotic mixtures by aggregate weight as against pure weight, was upheld in People v. Daneff *54 (37 A D 2d 918, affd. 30 N Y 2d 793, mot. to amend remittitur granted 31 N Y 2d 667, rearg. den. 31 N Y 2d 709, cert. den. 410 U. S. 913). The court can perceive nothing to distinguish the issues in Daneff from those in this case.
The motion is denied.